[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 23-10345

Non-Argument Calendar

————————————————

CORDELIUS BROWN,

Plaintiff-Appellant,

*versus*

TITLEMAX OF GEORGIA, INC.,

INSURANCE AUTO AUCTION OF RINCON,

GREG LUDWIG,

STEVE THOMAS,

NATHANIEL ANDERSON, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:22-cv-00082-WTM-CLR

_____

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

The district court dismissed Cordelius Brown's second and third amended complaints against TitleMax of Georgia, Inc. because they were shotgun pleadings. Brown appeals, arguing the district court abused its discretion. Finding no abuse of discretion, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Brown sued TitleMax—and seventeen other defendants—in the U.S. District Court for the Southern District of Georgia. Brown requested to file a first amended complaint (which she was able to do as of right), and the magistrate judge granted that request. Her first amended complaint was 153 pages long and referenced a litany of federal and state causes of action, including discrimination, retaliation, and hostile work environment. After the heading for almost each claim, Brown wrote, "Plaintiff restates, re-alleges, and incorporates by reference all other [p]aragraphs of this [c]omplaint as if fully stated herein."

A magistrate judge screened the first amended complaint and concluded it was a shotgun pleading. The magistrate judge explained the categories of shotgun pleadings recognized in our

Circuit, and it concluded the first amended complaint fell "into at least three of these categories" because each claim "restate[d], reallege[d], and incorporate[d] by reference all other [p]aragraphs of this [c]omplaint," it "fail[ed] to articulate against whom each specific claim [was] made" and which "factual allegations support[ed] each specific claim," and some of its factual allegations were "wholly conclusory." The magistrate judge afforded Brown "a single opportunity to amend her [c]omplaint in order to comply with the pleading standards" of the federal rules and to "better articulate the claims asserted against the named defendants." But the magistrate judge warned Brown that "failure to timely comply with this [o]rder may result in dismissal for failure to prosecute or comply with a court order."

Brown filed a second amended complaint—this time only 100 pages long—that again referenced a variety of federal and state causes of action, including discrimination, retaliation, hostile work environment, and breach of fiduciary duty. And again, after each claim, Brown wrote, "Plaintiff allege[d] and re-allege[d] by reference the allegations set forth" in the preceding paragraphs.

Five days later, before the magistrate judge could address the second amended complaint, Brown filed a 101 page third amended complaint without leave. In her third amended complaint, Brown "allege[d], state[d,] and reallege[d] by reference the allegations set forth in" the preceding paragraphs when introducing each claim. Brown later moved for sanctions against the defendants and their attorneys.

The magistrate judge recommended, among other things, that the district court dismiss Brown's complaint as an impermissible shotgun pleading. The magistrate judge explained that Brown's "continued shotgun pleadings remain[ed] the threshold, dispositive issue" because the second amended complaint "did not address the deficiencies highlighted by the [c]ourt's prior [o]rder" and because Brown failed to "abide any instruction from the [c]ourt besides shortening her [c]omplaint" and instead "continued the impermissible restatement and incorporation by reference of all preceding paragraphs." The magistrate judge concluded the third amended complaint—which the magistrate judge noted was filed without leave—also failed as a shotgun pleading. Because Brown had been informed of the shotgun pleading deficiencies in the first amended complaint but failed to fix them in her later amended complaints, the magistrate judge recommended dismissal.

Brown objected to the recommendation, arguing that "her amended complaint address[ed] all factors that would have made it a shotgun pleading." She argued that when she changed the words "restates, re-alleges, and incorporates by reference," to "alleges, states, and reallege[s] by reference," she cured the defect the magistrate judge had identified, so her complaint was not a shotgun pleading, "[a]ssuming that realleges and incorporate ha[ve] different meanings."

The district court agreed with the portion of the magistrate judge's recommendation relevant to this appeal and adopted it. The district court pointed out that the magistrate judge's initial

order on the first amended complaint had identified the "adopt[ion of] all of the allegations of each preceding count" as one defect. And it pointed out that the magistrate judge gave Brown "an opportunity to file an amended complaint and advised her that the failure to timely comply with the order may result in dismissal."

Against this backdrop, the district court concluded that Brown's second and third amended complaints were still shotgun pleadings. It explained that "[t]he issue is not in [p]laintiff's word choice." Instead, it was Brown "continu[ing] to incorporate all of the factual allegations and counts into every count that follows." And "due to [her] adoption of the allegations of all preceding counts, it [was] still impossible to decipher which defendants are responsible for the acts or omissions giving rise to each claim." Because Brown's amended complaints "remain[ed] shotgun pleadings" and her "persistent attempts to avoid, rather than address, the defects identified by the [m]agistrate [j]udge confirm[ed] the futility of further opportunities to amend," the district court dismissed the case with prejudice—except for any state law claims which it dismissed without prejudice to refile in state court—and denied all other pending motions as moot.

Brown appeals the dismissal of her complaints.

## STANDARD OF REVIEW

We review a district court's dismissal of a shotgun pleading for failure to follow pleadings rules for an abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

## DISCUSSION

The district court did not err in dismissing Brown's amended complaints because they were impermissible shotgun pleadings. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must provide "fair notice" of the claim and "the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). If a plaintiff has been given fair notice of a defect in her complaint and a meaningful chance to fix it but files an amended complaint plagued by the same defect, then dismissal with prejudice is proper. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018).

One common defect occurs when a complaint is filed as a shotgun pleading. Shotgun pleadings fail to comply with rule 8 because they do not provide a short and plain statement showing entitlement to relief. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "They waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts"—so we naturally "have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up). We have explained that shotgun pleadings come in several varieties, and "[t]he most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the

entire complaint." *Weiland*, 792 F.3d at 1321 & n.11 (collecting cases). We have explained that this "mortal sin of re-alleging all preceding counts" fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1322–23.

It's true that dismissal with prejudice—as the district court did with Brown's federal claims—is "an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Id.* at 1321 (quoting *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)). But "we have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a [d]istrict [c]ourt retains authority to dismiss a shotgun pleading on that basis alone." *Jackson*, 898 F.3d at 1357.

Here, the magistrate judge expressly concluded that the first amended complaint was a shotgun pleading, explained why, and directed Brown to replead. The magistrate judge also warned Brown that "failure to timely comply with this [o]rder may result in dismissal for failure to prosecute or comply with a court order." Yet Brown's later amended complaints repeated the same defects. To the district court, Brown's "persistent attempts to avoid, rather than address, the defects identified by the [m]agistrate [j]udge confirm the futility of further opportunities to amend." This shotgun

pleading "basis alone is sufficient grounds for affirming the district court's dismissal of the complaint with prejudice." *Id.* at 1359.

In short, the district court did not abuse its discretion when it found that the second and third amended complaints were shotgun pleadings and dismissed the case. The second and third amended complaints failed to meet rule 8's requirements because they essentially incorporated by reference all preceding factual allegations into each successive claim. *See Weiland*, 792 F.3d. at 1321–23.[1]

**AFFIRMED**.

---

[1] In her initial brief, Brown mentions in passing the denial of her motion for sanctions, but the passing reference was insufficient to preserve the issue for our review. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) ("Abandonment of an issue can also occur when passing references appear in the argument section of an opening brief . . . .").